1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHASE MCMILLON,<br><br>Defendant. | Case No.  24-cr-00531-JSW-1<br><br>**AMENDED ORDER DENYING REQUEST FOR RESTITUTION**<br><br>Re: Dkt. Nos. 46, 47 |

This matter comes before the Court upon consideration of a request for restitution in the amount of $54,602.60, from an individual identified as M.N. The Court has considered the parties' restitution memoranda, relevant legal authority, and oral argument. For the following reasons, the Court DENIES M.N.'s request.[1]

**BACKGROUND**

On January 7, 2025, Defendant entered a plea of guilty to one count of felon in possession of ammunition in violation of 18 U.S.C. section 922(g). The charges arise out of an incident that occurred on July 7, 2023, when Defendant was involved in gun battle with two other individuals. During the incident Defendant fired 21 rounds. The shell casings were recovered, but the gun was not. Video footage of the incident shows that Defendant left the scene with the gun and returned without it. Based on that conduct, the parties agreed to a two-point upward adjustment to the base offense level. (*See* Plea Agreement ¶¶ 2, 6.) M.N. was in Defendant's car at the time of the shooting and was severely injured.

The Plea Agreement did not raise the issue of restitution, and the parties did not raise it at

---

[1]    The Court issues this amended order in response to Defendant's request to correct typographical errors in the original order. The amendments are in bold font.

1   sentencing.  Instead, the parties submitted a stipulation and proposed order following imposition

2   of judgment.

3                                               **ANALYSIS**

4          Restitution in this case is governed by 18 U.S.C. section 3363, which provides that the

5   Court may order restitution to "any victim" of Defendant's offense.  18 U.S.C. § 3663(a)(1)(A).

6   "[T]he term 'victim' means a person directly and proximately harmed as a result of the

7   commission of an offense for which restitution may be ordered."  *Id.* § 3663(a)(2).  The

8   Government bears the burden of proof of proving M.N.'s entitlement to restitution by a

9   preponderance of the evidence.

10         In determining whether to award restitution under Section 3663(a)(i)(B)(i), the Court

11   considers

12                  (I) the amount of the loss sustained by each victim as a result of the
                    offense; and

13                  (II) the financial resources of the defendant, the financial needs and
14                  earning ability of the defendant and the defendant's dependents, and
                    such other factors as the court deems appropriate.

15

16         The Court can impose restitution only for "loss caused by the specific conduct that is the

17   basis of the offense of conviction."  *Hughey v. United States*, 495 U.S. 411, 413 (1990); *see also*

18   *United States v. Batson*, 608 F.3d 630, 637 (9th Cir. 2010) ("[A]n award of restitution ordered as a

19   condition of supervised release can compensate only for the loss caused by the specific conduct

20   that is the basis of the offense of conviction[.]") (cleaned up).  For example, in *United States v.*

21   *Reed*, the defendant was convicted of felon in possession of a firearm, which was discovered after

22   he was involved in a high-speed chase and crashed into several cars.  80 F.3d 1419, 1420 (9th Cir.

23   1996).  The trial court granted the government's request for restitution for damage to the cars.  The

24   Ninth Circuit reversed.  Relying on *Hughey*, it held that a court may not order restitution "for

25   conduct that is related to the offense of the conviction, but that is not an element of the offense."

26   *Id.* at 1422.  The court agreed with the defendant that fleeing the police was "not part of the

27   conduct underlying his offense of conviction" and, therefore, precluded the award of restitution.

28   *Id.* at 1421.

United States District Court
Northern District of California

1    The essential elements of Defendant's conviction are that he was a felon, knew he was a

2    felon, knowingly possessed ammunition, and the ammunition was in or affected interstate

3    commerce. *Rehaif v. United States*, 588 U.S. 225, 227 (2019); *United States v. Benamor*, 937 F.3d

4    1182, 1186 (9th Cir. 2019). Defendant argues that because using ammunition is not an element of

5    his offense, the Government cannot meet its burden to show M.N. would be entitled to restitution.

6    The Court agrees.

7    It is undisputed that using the ammunition is not an element of Defendant's conviction.

8    That fact alone is not dispositive because the offense conduct "need not be the sole cause of the

9    loss[.]" *United States v. Gamma Tech. Indus.*, 265 F.3d 917, 928 (9th Cir. 2001); *see also United

10   States v. Alvarez*, 835 F.3d 1180, 1186-87 (9th Cir. 2016) (noting courts have upheld restitution

11   awards involving conduct not more than one step removed from offense conduct). However, "the

12   loss cannot be too far removed from that conduct." *Gamma Tech.*, 265 F.3d at 928. In situations

13   where an intervening cause occurs, the "main inquiry for causation … is whether the intervening

14   cause was directly related to the offense conduct." *United States v. Meksian*, 170 F.3d 1260, 1263

15   (9th Cir. 1999). For that inquiry, "[t]he causal chain may not extend so far, in terms of the facts or

16   the time span, as to become unreasonable." *Gamma Tech*, 265 F.3d at 928.

17   In *Meksian*, the defendant submitted falsified tax returns to obtain a Small Business

18   Administration ("SBA") loan, which included a requirement that the bank obtain an environmental

19   risk report relating to the property to be used as collateral. The defendant subsequently defaulted

20   on the loan. When the SBA attempted to foreclose, it discovered the property was contaminated

21   and the risk report was inadequate. *Meksian*, 170 F.3d at 1261-62. The court held that restitution

22   was not appropriate, reasoning the loss was not caused by the defendant's false statements, which

23   were unrelated to value of the collateral and the contamination. *Id.* at 1263. The court

24   distinguished the facts before it from *United States v. Keith*, where the defendant was convicted of

25   assault with intent to commit rape. 754 F.2d 1388, 1393 (9th Cir. 1985). In *Keith*, the trial court

26   awarded the victim restitution for lost wages after she quit her job following the assault. The

27   defendant argued that loss was not caused by the assault but by a threat to the victim from the

28   defendant's mother. *Id.* The court found that restitution was proper because "the possible

3

intervening cause … [was] directly related to the assault." *Id.*

The Court previously reviewed a video and a police report of the shooting, and the Government relies on those exhibits in support of its position.  Both the video and the police report demonstrate that events transpired quickly and suggest Defendant and the other individuals may have **fired** simultaneously.  However, the police report does not suggest any of the ammunition fired by Defendant hit M.N.  (*See* **Def**. Sent. Memo., Appx. C-1 at Bates USA-000039 through USA-000042.)  Even if the other individual's actions amount to an intervening cause, there is nothing in the record to suggest Defendant provoked or had a history with the other shooters.

The Court does not intend to diminish the injuries M.N. suffered, but on this record, it concludes the Government has not met its burden to show there is a causal connection between Defendant's possession of ammunition, the firefight, and M.N.'s injuries.  Accordingly, it DENIES M.N.'s request for restitution.

**IT IS SO ORDERED**.

Dated: November 25, 2025

_____
JEFFREY S. WHITE
United States District Judge